UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 5:89-cr-05-JMH-4 |
| | ) | 13-cv-7294-JMH-REW |
| v. | ) | |
| | ) | |
| DARRELL GIBSON, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on Defendant's Response to Opinion and Order [DE 364] in which he asks the Court to alter, amend, or vacate the Judgment [DE 362] entered in favor of the United States with respect to Gibson's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 355].

"A court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *Am. Civil Liberties Union v. McCreary County,* 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See GenCorp, Inc. v. Amer. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). A motion under Rule 59(e) is not intended to be utilized to relitigate issues

1

previously considered. *Equal Emp't Opportunity Comm'n v. Argent Indus., Inc.*, 746 F.Supp. 705, 706 (S.D. Ohio 1989).

Having considered his Motion, the Court concludes that Gibson has presented no grounds upon which this Court should alter, amend, or vacate the judgment. Accordingly, the Motion [DE 364] is **DENIED**.

This the 21st day of October, 2013.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge