UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 5:89-cr-05-JMH-4 |
| | ) | 13-cv-7294-JMH-REW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| DARRELL GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on Defendant's Motion for a Writ of Habeas Corpus to Bring My Person Into Federal Custody for Hearing to Show Cause Why on Court Record My Federal Revocation (Date Filed – 6-10-13, entered 6-11-13) Was/Is Unconstitutional [DE 369]. Defendant Gibson asks the Court for a hearing so that he might demonstrate that his court-appointed counsel, Attorney Benjamin P. Hicks, "was/is, in an <u>intimate</u> relationship with [Gibson's] ex-wife and co-defendant 'JENNIFER WAFFORD ANDERSON GIBSON'" (emphasis in original) and that Attorney Hicks led Gibson "to believe [*sic*] that [Gibson's] federal guidelines were in a greater range then [*sic*] they actually were . . . and . . . advised [Gibson] to stipulate in federal court, as to [Gibson's] guilt, without preparing an adaquit defence [*sic*]," such that his constitutional right to effective assistance of counsel and due process were denied.

Effectively, Gibson is again seeking to alter, amend, or

1

vacate the Judgment [DE 362] entered in favor of the United States with respect to Gibson's first Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 355].  The Court reminds Gibson that it "may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *Am. Civil Liberties Union v. McCreary County,* 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See GenCorp, Inc. v. Amer. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered. *Equal Emp't Opportunity Comm'n v. Argent Indus., Inc.,* 746 F.Supp. 705, 706 (S.D. Ohio 1989).

Having considered Gibson's Motion, the Court concludes that Gibson has presented no grounds upon which this Court should alter, amend, or vacate the judgment.  Accordingly, the Motion [DE 369] is **DENIED**.

This the 18th day of November, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge